J-S41043-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYYA M. BARNES, | : | |
| | : | |
| Appellant | : | No. 238 MDA 2020 |

Appeal from the PCRA Order Entered January 16, 2020
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002483-2013

BEFORE:    KUNSELMAN, J., McLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED: JANUARY 5, 2021**

Tyya M. Barnes (Appellant) appeals *pro se* from the January 16, 2020 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

A prior panel of this Court provided the following history.

> On March 4, 2013, Iliana Luciano drove Courtney Jackson, her boyfriend, to meet with an acquaintance in Harrisburg, Pennsylvania. Unbeknownst to her, Jackson was meeting Layton Potter to sell him drugs. After approximately an hour and one-half of no contact, Luciano attempted to call Jackson approximately fifteen times.
>
> Potter met Jackson twice that night, the last time around 8:00 p.m. At that time, he observed Appellant and Shane Holloway across the street. Jackson indicated to Potter that he was going to conduct a drug transaction with Appellant and Holloway, but he first took Potter home. Potter advised him not to make the sale, and the two men parted.
>
> Between 8:00 p.m. and 8:30 p.m., a bystander discovered Jackson lying face down in the alleyway near the corner store,

*Retired Senior Judge assigned to the Superior Court.

covered in blood, without a pulse, and foaming from the mouth. Jackson's hands were outstretched, as if he had been running away. Near Jackson's body, a cell phone rang repeatedly. He had been shot eight times in the chest, arm, and back.

Police recovered fired shell casings from a .40 caliber and .25 caliber gun. Police officers also recovered Jackson's cell phone; the last call received and answered by Jackson, at 7:52 p.m., was from a number belonging to Appellant. Security footage from the corner store showed Jackson meeting with Appellant and Holloway, and walking off together.

The day after the murder, Appellant told his godsister, Timothea Anders, that he and Holloway shot Jackson. Appellant claimed that it was an accident, specifically, that Jackson had grabbed Holloway and Holloway shot him. On March 9, 2013, Anders gave a statement to the police implicating Appellant and Holloway.

In June 2014, a jury convicted Appellant of [second degree murder, robbery, conspiracy, and carrying a firearm without a license]. Appellant filed a post-sentence motion, which the court denied. Appellant timely appealed, but his appeal was dismissed for failure to file a brief. Appellant filed a petition seeking relief under the [PCRA], and his direct appeal rights were reinstated *nunc pro tunc*.

***Commonwealth v. Barnes***, 178 A.3d 146 (Pa. Super. 2017) (unpublished memorandum at 1-3) (titles and citations omitted).

Appellant timely appealed to this Court. Appellant's counsel filed an application to withdraw and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We rejected counsel's initial brief as being inadequate. ***See Commonwealth v. Barnes***, 175 A.3d 417 (Pa. Super. 2017) (unpublished memorandum). On July 26, 2017, counsel filed a revised ***Anders*** brief and petition to withdraw, setting forth a single issue Appellant sought to raise on

appeal: whether the trial court erred "by allowing a magistrate judge [to] initial in place of a signature on Appellant's criminal complaint[.]" **Barnes**, 178 A.3d 146 (unpublished memorandum at 3-4). This Court agreed with counsel that the claim was frivolous. After finding no other issues of arguable merit, we granted counsel's petition and affirmed Appellant's judgment of sentence. **Id.**

On September 12, 2018, Appellant *pro se* filed the instant PCRA petition, his first. Counsel was appointed,[1] and on November 18, 2019, filed a **Turner/Finley**[2] no-merit letter and accompanying request to withdraw. Therein, PCRA counsel summarized the claims Appellant wished to raise.

> In Appellant's *pro se* PCRA [petition], Appellant argued four claims: (1) both pre-trial and trial counsel were ineffective for allowing the Court of Common Pleas to accept the initials of a Magistrate District Judge in place of her signature on Appellant's criminal complaint and affidavit of probable cause; (2) trial counsel was ineffective for failing to call a material witness, who was also Appellant's co-defendant; (3) trial counsel was ineffective for advising Appellant not to testify at trial; and (4) appellate counsel was ineffective for not arguing the above stated ineffectiveness of trial counsel and for referring to Appellant in his appellate brief repeatedly as a female, confusing Appellant with another client. In Appellant's letter to counsel dated 12 March 2019, Appellant stated that he wished to make an additional claim of ineffective assistance of counsel for failing

---

[1] We note that the first two attorneys the PCRA court appointed sought, and were granted leave, to withdraw. On January 29, 2019, the PCRA court appointed Attorney Jonathan W. Crisp, Esquire, as counsel. When referring to PCRA counsel in this memorandum, we are referring to Attorney Crisp.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

to object to the Commonwealth's inability to meet their burden of proving force in the commission of the robbery.

***Turner/Finley*** Letter, 11/15/2019, at 3 (party designations altered; parenthetical numbers omitted).

On December 6, 2019, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, and granted counsel's petition to withdraw. Appellant responded. On January 16, 2020, the PCRA court dismissed Appellant's petition.

This timely-filed appeal followed.[3] On appeal, Appellant challenges the dismissal of his PCRA petition. We begin with our standard of review.

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

***Commonwealth v. Perry***, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

Because Appellant's claims all challenge the effectiveness of counsel, we also keep the following in mind.

---

[3] Appellant complied with Pa.R.A.P. 1925(b). In lieu of a Pa.R.A.P. 1925(a) opinion, the PCRA court referred us to its December 6, 2019 order.

The law presumes counsel has rendered effective assistance. In general, to prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Postie*, 200 A.3d 1015, 1022-23 (Pa. Super. 2018) (*en banc*) (citations, footnote, and quotation marks omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

We first consider Appellant's argument that the PCRA court erred in dismissing his claim that trial counsel was ineffective for allowing the trial court to accept the initials of a Magistrate District Judge in place of a signature on the criminal complaint and affidavit of probable cause. Appellant's Brief at 27-30. The PCRA court dismissed this claim because this Court found the underlying claim frivolous on direct appeal. PCRA Court Order, 12/6/2019, at 3. As noted *supra*, this Court affirmed Appellant's judgment of sentence and granted counsel's petition to withdraw after finding Appellant's claim about the initials frivolous. Because this Court

already determined that the underlying claim was without merit, the PCRA court did not err in dismissing this ineffective-assistance-of-counsel claim.

We next consider Appellant's argument that the PCRA court erred in dismissing his claim that trial counsel was ineffective for failing to call Appellant's co-defendant, Holloway, as a witness. Appellant's Brief at 16.

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements [] by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.
>
> Prejudice in this respect requires the petitioner to "show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." Therefore, the petitioner's burden is to show that testimony provided by the uncalled witnesses "would have been helpful to the defense."

***Commonwealth v. Selenski***, 228 A.3d 8, 16 (Pa. Super. 2020) (citations omitted).

In dismissing this claim, the PCRA court agreed with PCRA counsel that Holloway could not have been compelled to take the stand in violation of his Fifth Amendment rights. PCRA Court Order, 12/6/2019, at 4; ***Turner/Finley*** Letter, 11/15/2019, at 6. Moreover, the PCRA court concluded that "there was no evidence to suggest that [Holloway's] statement would have been helpful to the outcome of the case." PCRA Court Order, 12/6/2019, at 4. Specifically, the PCRA court found Holloway's proposed testimony showed "that [Appellant] did indeed shoot [] Jackson. It

- 6 -

also established that [Appellant] was at the location of the shooting." ***Id.*** Therefore, the PCRA court concluded Appellant failed to demonstrate prejudice. Upon review, the PCRA court's conclusions are supported by the record. Accordingly, no relief is due.

We next review Appellant's argument that the PCRA court erred in dismissing his claim that trial counsel was ineffective for advising Appellant to refrain from testifying at trial. Appellant's Brief at 23-26.

> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for "failing to call the appellant to the stand," the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

***Commonwealth v. Uderra***, 706 A.2d 334, 340 (Pa. 1998) (citations omitted).

> [T]he appropriate standard for assessing whether a defendant was prejudiced by trial counsel's ineffectiveness regarding the waiver of his right to testify is whether the result of the waiver proceeding would have been different absent counsel's ineffectiveness, not whether the outcome of the trial itself would have been more favorable had the defendant taken the stand.

***Commonwealth v. Walker***, 110 A.3d 1000, 1005 (Pa. Super. 2015).

Instantly, Appellant stated, in open court, that after consulting with counsel he voluntarily decided not to testify. N.T., 6/9-12/2014, at 450-53. Thus, on the face of the record, it does not appear that counsel interfered with Appellant's right to testify. However, according to Appellant, counsel

advised him not to testify because the "district attorney would eat [him] alive." Appellant's Brief at 23. Appellant argues that counsel "had no reasonable basis for misinforming Appellant in this manner when Appellant had no prior *crimen falsi* [convictions] that could be revealed to impeach him or anything to lie about, rather, Appellant just wanted his side to be heard by the jury." *Id.* at 24 (capitalization altered).

In dismissing this claim, the PCRA court noted that Appellant completed an on-the-record colloquy, during which he stated that it was his decision not to testify and that he believed his decision was in his best interest. Thus, the PCRA court "fail[ed] to see how any advice given by trial counsel prejudiced [Appellant]." PCRA Court Order, 12/6/2019, at 5.

Upon review, even if Appellant would have decided to testify absent counsel's purported statement that the district attorney would eat him alive on cross-examination, Appellant has failed to "demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." *Uderra*, 706 A.2d at 340. This is not a case where counsel misadvised Appellant. *See e.g., Commonwealth v. Nieves*, 746 A.2d 1102 (Pa. 2000) (finding counsel's advice not to testify due to the possibility of being impeached by Nieves' criminal record unreasonable where Nieves did not have any *crimen falsi* convictions). An assessment of how Appellant might fare on cross-examination does not equate to such

interference or unreasonable advice. Accordingly, the PCRA court did not err in dismissing this claim.

We next review Appellant's argument that the PCRA court erred in dismissing his claim that appellate counsel was ineffective for (1) improperly arguing Appellant's direct appeal claim; (2) not raising trial counsel's ineffectiveness; and (3) confusing Appellant with another client and referring to Appellant as a female. Appellant's Brief at 12-13.

In dismissing this claim, the PCRA court noted that the pronoun misuse was remedied when counsel filed a second *Anders* brief with this Court and that this Court found Appellant's direct appeal issue to be without merit. PCRA Court Order, 12/6/2019, at 6.

By way of further background, this Court specifically remanded for the filing of an advocate's brief or compliant *Anders* brief after counsel submitted a non-compliant brief, wherein it appeared that counsel had not sufficiently reviewed the record or spoken with Appellant given the pronoun errors. *See Barnes*, 175 A.3d 417 (unpublished memorandum) (concluding first *Anders* brief was not compliant, remanding for advocate's brief or compliant *Anders* brief, and noting that counsel referred to Appellant as "she" throughout the brief despite Appellant's gender being male). Upon the filing of a second *Anders* brief, this Court concluded that counsel complied with the requirements of *Anders*, permitted counsel to withdraw, and found no meritorious issues that counsel failed to raise. Insofar as Appellant argues

that counsel should have raised his ineffective-assistance-of-trial-counsel claims on direct appeal, we observe that "[g]enerally, claims of ineffective assistance of counsel are to be deferred to PCRA review" absent exceptions not applicable here. **Commonwealth v. Hopkins**, 228 A.3d 577, 584 (Pa. Super. 2020) (citations and quotation marks omitted). Accordingly, the PCRA court did not err in dismissing this claim.

Lastly, we review Appellant's argument that the PCRA court erred in dismissing his claim that trial counsel was ineffective for failing to object to his robbery conviction on the basis that the evidence was insufficient to prove force. Appellant's Brief at 31.

In dismissing this claim, the PCRA court agreed with the reasoning of PCRA counsel. PCRA Court Order, 12/6/2019, at 6. PCRA counsel reviewed the instructions provided by the trial court and noted that the jury found Appellant guilty beyond a reasonable doubt. Given that the instructions were proper, PCRA counsel concluded that "there was no way that [trial counsel] could have objected to this verdict or instruction. The proper legal avenue at that point [wa]s to appeal, and [Appellant] submitted an appeal after trial." **Turner/Finley** Letter, 11/15/2019, at 7.

As discussed *supra*, Appellant filed a direct appeal, which was the proper avenue to challenge the sufficiency of the evidence. Although counsel did not raise a sufficiency claim, our review pursuant to **Anders** revealed no meritorious issues that counsel failed to raise. **See Barnes**, 178 A.3d 146

(unpublished memorandum at 6). Accordingly, the PCRA court did not err in dismissing this claim.

Based on the foregoing, we affirm the PCRA court's order dismissing Appellant's PCRA petition.[4]

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/05/2021

---

[4] Appellant also filed an application for remand based on after-discovered evidence pertaining to Potter's testimony. **See** Application for Remand, 10/8/2020. "[A]fter-discovered evidence discovered after completion of the direct appeal process should be raised in the context of the PCRA." Pa.R.Crim.P. 720, *Note*. Instantly, Appellant's initial PCRA petition concluded when the PCRA court dismissed it on January 16, 2020. **See Commonwealth v. Sepulveda**, 144 A.3d 1270, 1279 (Pa. 2016) ("Once the PCRA court renders a decision on a PCRA petition, [] that matter is concluded before the PCRA court, having been fully adjudicated by that court, and the order generated is a final order that is appealable by the losing party."). However, Appellant could not file another PCRA petition with the PCRA court while the instant PCRA appeal was pending. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (overruled on other grounds by **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)). Thus, we deny Appellant's motion in this Court without prejudice for him to raise it in a second PCRA petition before the PCRA court once the instant PCRA appeal is resolved. Because any such petition will be patently untimely, Appellant will need to, *inter alia*, plead and prove one of the timeliness exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1).